SIDNEY A. HUNT, executor, *et al.*, plaintiffs in error, *vs.* JAMES O. H. PERRY, defendant in error.

Where fraud is alleged by the complainant, it will take an extreme case to induce this court to control the discretion of the chancellor in refusing to dissolve an injunction.

Hunt *et al. vs.* Perry.

Injunction. Fraud. Before Judge JAMES JOHNSON. Talbot county. At Chambers. October 15th, 1874.

This case is sufficiently reported in the decision.

B. H. BIGHAM, by brief, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain the sale of a certain described tract or settlement of land, on the ground of the fraudulent conduct and combination of defendants to defeat the complainant's vendor's lien which he claimed on the land for the purchase money due therefor, under a sale made by complainant's father to one Drummond in 1859, under whom the defendants claim, as is alleged, with *notice* of said vendor's lien. The presiding judge granted the injunction prayed for, with leave to the defendants to move for a dissolution thereof on a certain day named in the order. At the time appointed, the defendants made a motion to dissolve the injunction on the filing of the answer of Hunt, one of the defendants, which motion was overruled, and the defendants excepted.

In view of the allegations contained in the complainant's bill, we will not interfere with the exercise of the discretion of the court in refusing to dissolve the injunction, the more especially when fraud is alleged on the part of the defendants, as in this case, which is a question for the consideration of a jury on the final hearing of the cause.

Let the judgment of the court below be affirmed.